PER CURIAM.*
1 |We grant USA Disaster Recovery, Inc.’s (“USA”) writ application to reverse the judgment of the court of appeal and reinstate the district court’s ruling. Under the direction of the sheriffs office, USA performed emergency road cleaning work for St. Tammany Parish (the “Parish”) that was essential to search and rescue efforts in the immediate aftermath of the chaos following Hurricane Katrina for which USA was not compensated. After a trial on the merits, the district court found that the Parish was liable to USA for unjust enrichment damages in the amount of $37,500 plus legal interest — an amount less than half the invoiced total. In so ruling, the district court evaluated the five elements of a claim for unjust enrichment under La. C.C. art. 2298[1] and made factu *236 al findings that each of the elements were met. In reversing the district court’s judgment, the court of appeal found that the Parish was |2not liable to USA for unjust enrichment, making factual findings of its own that three of the five elements for an unjust enrichment claim had not been met. USA Disaster Recovery, Inc. v. St. Tammany Parish Government and St. Tammany Parish Sheriff, 12-0679 (La. App. 1 Cir. 12/21/12), 111 So.3d 425. In so ruling, the court of appeal did not adhere to the manifest error standard of review, and instead substituted its own judgment for that of the factfinder. Because we find that the district court’s ruling that the Parish was liable to USA in the amount of $37,500 plus legal interest was not manifestly erroneous, we reverse the judgment of the court of appeal and reinstate the district court’s judgment.
DECREE
For the forgoing reasons, it is ordered that the judgment of the court of appeal is reversed and the district court judgment is reinstated.
REVERSED; DISTRICT COURT JUDGMENT REINSTATED.
GUIDRY, Justice, dissents.

. The five elements of a claim for unjust enrichment under La. C.C. art. 2298 are (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of cause or justification for the enrichment and impoverishment; and (5) no other remedy at law. Edwards v. Conforto, 636 So.2d 901 (La. 1993); Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967).

 Justice Jefferson D. Hughes III, recused.